Hillsborough,
June 6, 1916.

JAMES G. FELLOWS & a. v. BOSTON & MAINE RAILROAD & a.

REPLEVIN, for a car of box boards.	Trial by jury and verdict for the plaintiffs.	Transferred by *Sawyer*, J., from the September term, 1915, of the superior court, on the defendant Eaton's exception to the denial of his motion for a directed verdict.	The facts appear in the opinion.

*George I. Haselton* and *Martin & Howe*, for the plaintiffs.

*Ivory C. Eaton*, for Eaton.

YOUNG, J. The plaintiffs bought and paid for the .boards in question in February, 1913, but left them with the vendor, and Eaton contends that their title failed for that reason. *Twyne's Case*, 3 Co. 80; *Coburn v. Pickering*, 3 N. H. 415; *Parker v. Pattee*, 4 N. H. 176; *Trask v. Bowers*, 4 N. H. 309; *Paul v. Crooker*, 8 N. H. 288; *Page v. Carpenter*, 10 N. II. 77; *Coolidge v. Melvin*, 42 N. H. 510; *Shaw v. Thompson*, 43 N. H. 130; *Putnam v. Osgood*, 51 N. H. 192; *Putnam v. Osgood*, 52 N. H. 148; *Lang v. Stockwell*, 55 N. H. 561; *Cutting v. Jackson*, 56 N. H. 253; *Plaisted v. Holmes*, 58 N. H. 293; *Flagg v. Pierce*, 58 N. H. 348; *Parker v. Marvell*, 60 N. H. 30; *Sanborn v. Putnam*, 61 N. H. 506; *Parsons v. Hatch*, 63 N. II. 343; *Janelle v. Denoncour*, 68 N. H. 1; *Baker v. Tolles*, 68 N. II. 73; *Thompson v. Esty*, 69 N. H. 55; *Harrington v. Blanchard*, 70 N. H. 597.

In order to avail himself of such a defect in the plaintiffs' title he must show that he purchased these boards without knowing that they were the plaintiffs' property. The question, therefore, and the only question raised by his exception is whether there is any evidence tending to prove, either that he did not buy these boards, or, that he knew of the sale to the plaintiffs. While it seems to be conceded that he bought a car of boards from the same vendor in March, 1913, the plaintiffs' evidence tended to prove that the boards he bought were not the ones that were replevied. Since this is so, the jury was warranted in finding that these boards did not belong to Eaton. In other words, the jury was warranted in finding that, even if the plaintiffs' title was defective as to subsequent purchasers for value, it was good as against Eaton; or that if there was a defect in the plaintiffs' title he was not in a position to take advantage of it.

*Exception overruled.*

All concurred.